IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

JODIE D. SEGURA
1913 N. 37th Street
Milwaukee, WI 53208,

    Plaintiff,

v.

White Lodging Services Corporation
550 N. Van Buren Street
Milwaukee, WI 53208,

    Defendant.

CIVIL ACTION NO.

Jury Trial Demanded

## COMPLAINT

NOW COMES the Plaintiff, Jodie Segura, by and through her attorneys, McDonald & Kloth, LLC, and as and for her causes of action against the Defendant, White Lodging Services Corporation, alleges and shows to the court as follows:

### NATURE OF T HE ACTION

This action arises under the Fair Labor Standards Act and the wage and hour laws of Wisconsin to obtain unpaid wages and to provide appropriate relief to the Plaintiff who was adversely affected by such practices.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is proper pursuant to 28 USC §1331. This action is authorized and instituted pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* This Court has supplemental jurisdiction over all other claims pursuant to 28 U.S.C. § 1367 because all other such claims arise in and are so related that they form part of the same case or controversy as the aforementioned claims.

2. Venue is proper in this Court pursuant to 28 USC §1391(b) and (c). The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Wisconsin, and the employment records relevant to such practices are maintained and administered in the Eastern District of Wisconsin.

## PARTIES

3. The Plaintiff, Jodie Segura ("Segura"), is an adult resident of the State of Wisconsin with a residence located at 1913 N. 37th Street, Milwaukee, Wisconsin 53208.

4. The Defendant, White Lodging Services Corporation ("WLSC"), is and was at all times material to this cause of action, a corporation doing substantial and not isolated business within the State of Wisconsin with a place of business located at 550 N. Van Buren Street, Milwaukee, Wisconsin 53208.

## STATEMENT OF CLAIMS

5. Segura was employed with WLSC since June 26, 2017 as a Line Cook.

6. Segura received an hourly rate of pay of $15.00.

7. Segura generally worked a shift beginning at 5:00 am or 5:30 am and ending at 2:00 pm or later depending on the needs of WLSC.

8. Segura and the other Line Cooks used an electronic punch-in system to identify the time they began work and the time they stopped work.

9. Segura and the other Line Cooks were supposed to receive a thirty (30) minute unpaid lunch break each day of work.

10. WLSC required Segura and the other Line Cooks to work during their lunch break on many occasions.

11. WLSC did not pay Segura and the other Line Cooks for the time they worked during their lunch breaks.

12. As a Line Cook, Segura received directives and work instructions from the Sous Chefs as well as the Executive Chef.

## FIRST CAUSE OF ACTION – VIOLATION OF THE FLSA

13. Segura incorporates paragraphs 1 through 12 as if fully set forth herein.

14. WLSC is an employer within the meaning of 29 U.S.C. § 203(d).

15. Segura was an employee within the meaning of 29 U.S.C. § 203(e).

16. Segura was a non-exempt employee under 29 U.S.C. § 213(a), since she failed to meet the criteria for any exemption under the FLSA.

17. The FLSA requires each covered employer to compensate all nonexempt employees at a rate not less than the federal minimum wage for all hours worked.

18. During the applicable statute of limitations, Segura performed work for which she received no compensation.

19. During the applicable statute of limitations, Segura performed work in excess of forty (40) hours per week without receiving appropriate overtime compensation.

20. These practices violate the FLSA including, but not limited to, 29 U.S.C. §§ 206 and 207, and have caused Segura to suffer wage losses.

21. WLSC knew or showed reckless disregard for the fact that it failed to pay Segura minimum wage and overtime compensation in violation of the FLSA.

## SECOND CAUSE OF ACTION – FAILURE TO PAY MINIMUM WAGE AND OVERTIME COMPENSATION IN VIOLATION OF WISCONSIN LAW

22. Segura incorporates paragraphs 1 through 12 as if fully set forth herein.

23. WLSC is an employer within the meaning of Wis. Stat. §§ 103.001(6) and 104.01(3).

24. At all relevant times, Segura was an employee within the meaning of Wis. Stat. §§ 103.001(5) and 104.01(2).

25. Under Wisconsin law, employers must promptly compensate employees for all hours worked at their regular rate of pay. Wis. Sate. 109.03.

26. Wisconsin law requires employers to compensate employees at time and one-half the regular rate of pay for all hours worked in excess of 40 hours per week. Wis. Stat. § 103.02; Wis. Admin Code DWD § 274.03.

27. Pursuant to Wis. Stat. § 109.03(5), employees have a right of action against their employer for the full amount of wages due. Such a right extends to the collection of past due overtime wages and unpaid straight-time wages.

28. Segura performed work for which WLSC did not pay wages.

29. Because Segura performed work for which she did not receive compensation, Sebura is entitled to any regular wages for hours worked, up to forty hours per week, for which Segura was not paid. Wis. Stat. § 109.03(5); Wis. Admin. Code DWD § 272.12.

30. Segura is entitled to overtime wages for hours worked in excess of forty hours per week. Wis. Stat. § 109.03(5), Wis. Admin. Code DWD § 274.03.

31. By failing to pay Segura wages for all hours worked, WLSC violated Wis. Stat. § 109.03(1), (5).

32. By requiring Segura to work hours in excess of forty (40) hours per week and failing to pay Segura her unpaid wages for overtime and for all hours worked, WLSC violated Wis. Stats. §§ 103.02 and 109.03(1).

33. Segura is entitled to damages in the amount of unpaid wages earned and due as provided by Wis. Stat. §§ 103.03, 104.03, and 109.03 and any penalties due under Wis. Stat. § 109.11, as well as such other legal and equitable relief from WLSC's unlawful and willful conduct as the Court deems just and proper.

## PRAYER FOR RELIEF

A. Award Segura her unpaid regular hourly rate of pay for hours of work up to forty hours per week and her unpaid overtime rate of pay for all hours of work in excess of forty hours per week.

B. Award additional amount under federal law as liquidated damages, equal to the amount awarded in Paragraph A of this prayer for relief.

C. Award an additional amount under Wisconsin state law in the amount of 50% of the amount of wages due and unpaid awarded in Paragraph A of this prayer for relief.

D. Enter an Order permanently enjoining WLSC from violating the provisions of Wisconsin state law and federal law.

E. Enter an Order requiring WLSC to compensate Segura for all attorney's fees and costs incurred as a result of bringing this action.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMANDED

The Plaintiff, Jodie Segura, requests a jury trial on all questions of fact raised by this Complaint.

Dated on this 13th day of November, 2019.

                                                **MCDONALD & KLOTH, LLC**
                                                Attorneys for Complainant

By:    s/Shannon D. McDonald
        Shannon D. McDonald
        WI State Bar No. 1036954
        N96 W18221 County Line Road, #200
        Menomonee Falls, WI 53051
        Direct: (262) 252-9123
        Office: (262) 252-9122
        Fax:    (414) 395-8773
        sdm@themklaw.com